PER CURIAM.
The Florida Board of Bar Examiners has filed a Petition requesting that we amend our rules relating to sequential testing and bar admission procedures which became effective after November 10, 1975. The Examiner’s proposed amendments would add to Florida bar examinations, beginning in 1976, a separate set of questions concerning professional and judicial ethics. Following their submission, the Examiners’ recommendations were discussed at an informal meeting of the Court, the deans of Florida’s law schools, representatives of the Examiners, representatives of The Florida Bar Board of Governors, and a representative of Florida law students.
The Examiner’s requests are generally approved. The following amendments to the rules relating to Bar admissions, as effective November 11, 1975, are adopted. (Except for wholly revised sections, new or changed material is underscored.)
I.The following amendments for an ethics portion of the bar examination shall apply to the July 1976 bar examination and all subsequent examinations:
1. The second sentence of Article I, Section 1 is amended to read: “All individuals who seek the privilege of practicing law in the State of Florida shall submit to Part I and Part III of the Florida Bar Examination and shall provide such score from . submission to Part II, as specified in Article II, Section 10(c) of these Rules.”
2. The third sentence of Article II, subsection 10(b) is amended to read: “Every machine-scored item of Part I and Part III as herein defined must specify authority for the best response, and every such item and authority should be analyzed and approved by the members of the Board preceding inclusion of the item in the bar examination.”
3. Article II, subsection 10(c) is amended in its entirety to read: “Each examination shall consist of three parts to be designated Part I, Part II and Part III. Part I shall be of six hours’ duration. Only the following subjects may be used in Part I of the examination which shall be promulgated by the Florida Board of Bar Examiners:
Florida Constitutional Law
Federal Constitutional Law
Wills and Administration of Estates Corporations
Florida Rules of Civil and Criminal Procedure
Trusts
Part II of the examination shall be that examination offered to the several states by the National Conference of Bar.Examiners and designated by that organization as the Multi-state Bar Examination (MBE).
Part III of the examination shall be of one hour’s duration and shall consist of not more than forty multiple-choice questions. These questions shall be designed to permit the applicant to demonstrate knowledge of the Code of Judicial Conduct and the Code of Professional Responsibility, including the Canons, Disciplinary Rules and Ethical Considerations as applicable in the State of Florida. *554 Part III of the examination shall be clearly labeled as to subject matter.”
4. Article II, subsection 10(d) is amended in its entirety to read: “All examination papers produced by applicants for admission to The Florida Bar during their submission to Parts I, II and III of the examination shall be examined by the Board. Upon conclusion of the administration of Part III of the examination, a separate examination on Part I shall be administered. Each examination paper produced by an applicant on Part I or Part III of the examination shall be separately graded and credited with reference to a perfect score of 100%. All examination papers shall be graded and credited by number and not by the applicant’s name. Upon conclusion of Part I and Part III of each examination and a compilation of the grades received by all applicants submitting to ' Part I or Part III of each examination, the Board shall separately grade each paper from Part I and Part III. The passing score for each Part shall be determined by adding the grades received by the top 10% of those examined in the respective Parts and dividing the total thereof by the number of examinees comprising the top 10% in that Part. Those applicants who receive a grade above or within twenty points below such result shall be credited with a passing score for that Part of the examination. For those examinations administered in 1976, the Court will review and evaluate the results of Part III.
5. Article II, subsection 10(f) is amended in its entirety to read: “An applicant must successfully complete each of the three parts of the examination and all successfully completed portions must have been administered within a period of 37 months.”
6. Article II, subsection 10(h) is amended in its entirety to read: “On each date set forth in subsection (g) the Board shall advise all persons submitting to any part of the examination within the State of Florida at the last administration thereof, whether such person has passed or failed any or all parts of said examination. Those persons who have at such examination completed the requirement of having passed all parts of the examination but who have not been recommended to the Supreme Court for admission to The Florida Bar will be further advised of the status of their applications.”
7. Rule I, subsection 1 (2) and Section 4 of the Revised Rules and Regulations are amended by adding “and Part III” after the words “Part I” in the second line and first line, respectively.
8. Rule II, paragraph 10(b)(2) of the Revised Rules and Regulations is repealed, and subsequent paragraphs in Section 10 are renumbered accordingly.
9. Rule III, subsection 21(c) of the Revised Rules and Regulations is amended to read: “If an applicant shall fail five times to pass Part I or Part III, he shall not be re-examined except by special permission of the Board upon good cause shown.”
10.Rule III, Section 22 of the Revised Rules and Regulations is amended to read: “Every applicant who is qualified to and who desires to repeat any part of the bar examination or who has been admitted to an examination and has, of his own volition, postponed his submission to the examination, shall file a supplemental application on a form prescribed by the Board and such supplemental application shall be accompanied by the appropriate fee and shall be filed in *555 the Board’s office within the deadlines as specified under the provisions of Rule I as they pertain to the examination which such applicant desires to take. Where such applicant desires to take a subsequent examination and such examination is given on a date in excess of one year from the date upon which his original application was filed, he shall file his supplemental application within the deadlines as specified under the provisions of Rule I and the fee which shall accompany such supplemental application shall be as prescribed under Section 49 of Rule V. In those instances wherein the running of the deadline under this section occurs prior to notification being given of the failure of any part of the examination, thus precluding compliance with the deadline by unsuccessful examinees, the Executive Director shall extend such deadline for a period not to exceed ten days from receipt of notice of failure on the examination by the affected examinees.”
11. Rule III, Section 23 of the Revised Rules and Regulations is amended by substituting the words “Code of Judicial Conduct” for the words “Canons of Ethics of Judges”.
II. The following amendments for processing Cuban American Lawyer applicants shall become effective upon adoption of this order:
1.In addition to the other requirements of these Rules, each applicant shall deliver to the Board within the deadlines established by the Rules:
A.A certificate of a law school dean evidencing the applicant’s successful completion of a course of study as provided by Order of the Supreme Court of Florida on July 31, 1973 in Case No. 43,040, on such form as is approved by the Board.
B.An affidavit duly executed by the applicant on a form supplied by the Board establishing his or her;
1. Graduation prior to December 31, 1960 from any of the following schools of law:
a. University of Habana (Havana)
b. Jose Marti University
c. St. Thomas of Villanova Law School
d. Ceriente University
2. Status as an attorney in good standing and in the active practice of law in the Republic of Cuba prior to December 31, 1960.
3. Absence of conviction or adjudication of guilt of a criminal offense in a court or tribunal of any state, territory, possession or protectorate of the United States, or of the United States, which constitutes a felony under the laws of the jurisdiction rendering such judgment.
C.Any variance from these requirements shall arise only through Order of the Supreme Court of Florida, a copy of which must be attached to the affidavit.
2. Each applicant seeking admission into the examination for the first time shall furnish to the Board, within the deadlines specified in the Rules Relating to Admission to The Florida Bar effective midnight November 10, 1975, an application fee in the amount of $60, fingerprints, a photograph and other identifying data, together with all other documents and forms required of all other applicants; except that the applicant need not provide proof of edu *556 cational qualification as specified under Article IV, Section 21.
3. Each applicant who is repeating the examination shall furnish forms, fees and other data as is required of all other applicants in similar circumstances, except for the proof of educational attainment.
4. No application for admission to The Florida Bar need be filed until after the successful completion of all parts of the Florida Bar Examination. Upon receipt of a Bar admission application, the Board shall commence its investigation as is required under Article II, Section 12 of the Rules.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON, ENGLAND, SUND-BERG and HATCHETT, JJ., concur.